IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CATHERINE A. S.,

    **Plaintiff,**

v.                                                        Case No. 20-CV-00415-JFH-SH

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Susan E. Huntsman ("Magistrate Judge") on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying a request for disability benefits by Plaintiff Catherine A. S. ("Plaintiff"). Dkt. No. 19. The Magistrate Judge recommends that the Court affirm the Commissioner's denial of Plaintiff's application for benefits. *Id*. For the reasons set forth below, the Court agrees, overrules Plaintiff's objection [Dkt. No. 20], adopts the Magistrate Judge's Report and Recommendation [Dkt. No. 19], and affirms the Commissioner's denial of benefits.

## BACKGROUND

Plaintiff filed an application for supplemental security income on April 10, 2018, alleging disability beginning June 1, 2016. Dkt. No. 13-2 at 14. Plaintiff's claim was denied initially on June 22, 2018, and again upon reconsideration on September 19, 2018. *Id*. At the request of Plaintiff, an administrative hearing was held in Tulsa, Oklahoma on September 9, 2019 before Administrative Law Judge B.D. Crutchfield ("ALJ"). *Id*. By written decision issued on October 4, 2019, the ALJ found that Plaintiff was not disabled. Dkt. No. 13-2 at 11-23. The Appeals

Council denied Plaintiff's request for review on June 24, 2020.  Dkt. No. 13-2 at 2-4.  Plaintiff timely filed this appeal on August 18, 2020.  Dkt. No. 2.

United States Magistrate Judge Susan E. Huntsman issued her Report and Recommendation ("Report") on October 8, 2021, recommending that the Commissioner's decision be affirmed.  Dkt. No. 19.  Plaintiff timely filed her objection to the Magistrate Judge's Report on October 21, 2021, requiring review by this Court.  Dkt. No. 20.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## DISCUSSION

Plaintiff objects to the Report and Recommendation [Dkt. No. 19] for four (4) reasons:

1. The Magistrate Judge erred in finding that the ALJ's failure to properly perform a function-by-function analysis of Plaintiff's ability to perform unskilled work as required by SSR 96-8p was harmless error;[1]

2. The Magistrate Judge overlooked evidence that demonstrated that Plaintiff was unable to perform unskilled work;

3. The Magistrate Judge incorrectly determined that the ALJ sufficiently accounted for Plaintiff's moderate limitation in maintaining attention and concentration for extended periods when forming the RFC; and

4. The Magistrate Judge incorrectly determined that the ALJ properly considered the treating psychiatrists' opinions concerning their need to redirect Plaintiff during examinations.

Dkt. No. 20.  The Court will address Plaintiff's objections in turn.

## I. The Function-by-Function Analysis

In her opening brief, Plaintiff argued that the ALJ erred in not properly assessing Plaintiff's ability to maintain attention and concentration for extended periods in the ALJ's residual functional capacity ("RFC") assessment as required by SSR 96-8p.  Dkt. No. 2.  The Magistrate Judge specifically addressed and rejected Plaintiff's argument in her Report and Recommendation.  Dkt. No. 19 at 4-6.  Specifically, the Magistrate Judge found that the ALJ was not required to separately discuss and make findings regarding Plaintiff's ability to maintain attention and concentration for extended periods as long as the record is clear that the ALJ thoroughly reviewed

---

[1] Under this Section, Plaintiff also advances argument regarding the ability to maintain "attention for extended periods of 2-hour segments" under POMS DI 25020.010B.3d.  This argument is raised for the first time in Plaintiff's objection to the Report and Recommendation and, therefore, is waived and will not be addressed by this Court.  *See Marshall v. Chater,* 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

the medical evidence and addressed the limitations supported by the record. *Id*. at 5 (quoting *Hendron v. Colvin*, 767 F.3d 951, 956-57 (10th Cir. 2014)). This Court agrees.

SSR 96-8p prescribes the rules an ALJ must follow when making an RFC assessment. Social Security Ruling (SSR) 96–8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). SSR 96-8p explains that the RFC entails a "function-by-function assessment" of an individual's ability to do work-related activities. *Id*. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. However, an ALJ is not required to discuss every piece of evidence as long as the record demonstrates that the ALJ considered all the evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Upon review of the record, the Magistrate Judge concluded that the ALJ had considered all the evidence in making her RFC assessment. Dkt. No. 19 at 5-6. Specifically, the Magistrate Judge noted that the ALJ provided a narrative discussion of the evidence, including Plaintiff's daily living and functioning, the medical opinions in the record, and Plaintiff's medical history. *Id*. at 4-6. Specifically, regarding concentration and attention, the ALJ noted that while Plaintiff did need to have questions repeated while evaluated by medical professionals, Plaintiff's overall mental status examination showed intact attention. Dkt. No. 13-2 at 20. The ALJ further noted that Plaintiff herself "said that she is able to prepare meals, watch TV, read, manage funds, use the internet, handle her own medical care, and attend church" – all activities which presumably require attention and concentration for extended periods. *Id*. As such, the Magistrate Judge found that the ALJ's decision was supported by a proper narrative statement and substantial evidence, and that any technical error regarding the function-by-function analysis was harmless. Dkt. No. 19 at 5-6. The Magistrate Judge did not err in making such a finding.

4

## II. Evidence of Plaintiff's Inability to Perform Unskilled Work

Plaintiff objects to the Magistrate Judge's recommendation because Plaintiff states the Magistrate Judge overlooked evidence that demonstrated that Plaintiff was unable to perform unskilled work. Dkt. No. 20 at 12-16. Specifically, Plaintiff argues that the Magistrate Judge's statement that Plaintiff cited "to no evidence that she cannot perform the requirements of unskilled work" overlooked the four (4) instances in the record where Plaintiff's medical providers noted that they had to redirect Plaintiff. Dkt. No. 20 at 12.

To the contrary, the Magistrate Judge acknowledged in her Report that the record demonstrated Plaintiff required redirection. Dkt. No. 19 at 9-11. The Magistrate Judge found that the ALJ properly accounted for these instances of redirection and Plaintiff's moderate limitation in maintaining attention and concentration by limiting Plaintiff to unskilled work. Dkt. No. 19 at 6-7. While Plaintiff stated in her appeal that the need for redirection had bearing on whether Plaintiff was able to maintain attention and concentration for extended periods, she failed to explain *how* this redirection prevented her from performing the requirements of unskilled work or *how* the ALJ's limitation did not properly address these concerns. Dkt. No. 15. This Court concludes the ALJ's decision is supported by substantial evidence and is not contrary to the law. The Magistrate Judge did not err in making such a finding.

## III. The ALJ's Consideration of Moderate Limitation When Forming the RFC

Plaintiff takes issue with the Magistrate Judge's finding that the ALJ sufficiently accounted for Plaintiff's moderate limitation in maintaining attention and concentration for extended periods when forming the RFC. Dkt. No. 20 at 16. Particularly, Plaintiff argues that the Magistrate Judge overlooked the fact that the ALJ did not make a finding of "moderate" outside of the ALJ's "Step 3" analysis. *Id*. The Magistrate Judge plainly addressed this issue in her Report. Dkt. No. 19 at 6.

5

In finding that the ALJ properly considered Plaintiff's moderate limitation, the Magistrate Judge explained that an ALJ can account for moderate limitations by "limiting the claimant to particular kinds of work activity." *Id*. at 7 (quoting *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016)). Therefore, by limiting Plaintiff to unskilled work in her RFC assessment, the Magistrate Judge found that the ALJ properly accounted for Plaintiff's moderate limitation regardless of whether a particular finding of "moderate" was made in the RFC. *Id*. This Court agrees. The Magistrate Judge did not err in making such a finding.

**IV. The ALJ's Consideration of Treating Psychiatrists' Opinions**

Finally, Plaintiff objects to the Magistrate Judge's recommendation because Plaintiff states the Magistrate Judge incorrectly determined that the ALJ properly considered the treating psychiatrists' opinions concerning the need to frequently redirect Plaintiff during examinations. Dkt. No. 20 at 17-20. Again, Plaintiff takes issue with the fact that the ALJ only mentioned one (1) time that Plaintiff was redirected by her psychiatrist, rather than listing all four (4) instances of redirection noted in her psychiatrists' records. *Id*. As previously stated, an ALJ is not required to discuss every piece of evidence as long as the record demonstrates that the ALJ considered all the evidence. *Clifton*, 79 F.3d at 1009-10. The Magistrate Judge, in determining that the ALJ properly considered the psychiatrists' opinions, reviewed and analyzed the ALJ's findings regarding Plaintiff's medical records. Dkt. No. 19 at 9-11. Upon review, the Magistrate Judge found that the record indicated the ALJ properly considered all of Plaintiff's medical records, which included the four (4) instances treating psychiatrists noted that Plaintiff required redirection. *Id*. Because the ALJ considered all the evidence, the Magistrate Judge found that it was of no effect that the ALJ did not specifically discuss each instance of redirection. *Id*. at 11. This Court agrees. It was not error for the Magistrate Judge to make such a finding.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff Catherine A. S.'s Objection [Dkt. No. 20] is **OVERRULED**, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 19], and **AFFIRMS** the Commissioner's denial of benefits.

DATED this 28th day of March 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE